UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FEDERAL HOUSING FINANCE AGENCY
AS CONSERVATOR FOR THE FEDERAL
NATIONAL MORTGAGE ASSOCIATION
AND THE FEDERAL HOME LOAN
MORTGAGE CORPORATION,

          Plaintiff,

   - against -

MORGAN STANLEY, MORGAN STANLEY
& CO., INC., MORGAN STANLEY
MORTGAGE CAPITAL HOLDINGS LLC
d/b/a MORGAN STANLEY MORTGAGE
CAPITAL, INC., MORGAN STANLEY ABS
CAPITAL I, INC., MORGAN STANLEY
CAPITAL I, INC., SAXON CAPITAL, INC.,
SAXON FUNDING MANAGEMENT LLC
f/k/a SAXON FUNDING MANAGEMENT,
INC., SAXON ASSET SECURITIES
COMPANY, CREDIT SUISSE SECURITIES
(USA) LLC f/k/a CREDIT SUISSE FIRST
BOSTON LLC, RBS SECURITIES, INC.
d/b/a RBS GREENWICH CAPITAL and f/k/a
GREENWICH CAPITAL MARKETS, INC.,
GAIL P. MCDONNELL, HOWARD
HUBLER, CRAIG S. PHILLIPS,
ALEXANDER C. FRANK, DAVID R.
WARREN, JOHN E. WESTERFIELD, and
STEVEN S. STERN,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JUDGE CASTEL

11 CIV 6739

Case No. [_____]

NOTICE OF REMOVAL



RECEIVED SEP 26 2011 U.S.D.C. S.D.N.Y. CASHIERS

      PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1452(a), the undersigned defendants (collectively, the "Removing Defendants") hereby remove the above-captioned action (the "Action") from the Supreme Court of the State of New York,

County of New York to the United States District Court for the Southern District of New York.[1] This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 1345, 12 U.S.C. § 1452(f)(2), and 28 U.S.C. § 1331. As grounds for removal, the Removing Defendants state as follows:

1. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b), because the Action is "related to" pending Title 11 bankruptcy proceedings. Accordingly, this action is subject to removal under 28 U.S.C. § 1452(a).

2. In addition, this Court has original jurisdiction over this Action pursuant to the following statutes:

- 28 U.S.C. § 1345 because the Federal Housing Finance Agency (the "FHFA") is an agency of the United States under 12 U.S.C. § 4511(a), and the Federal Home Loan Mortgage Corporation ("Freddie Mac") is deemed to be an agency of the United States under 12 U.S.C. § 1452(f)(1), and both the FHFA and Freddie Mac are expressly authorized to sue under 12 U.S.C. § 4617(b)(2)(A), 12 U.S.C. § 1723a(a), and 12 U.S.C. § 1452(c)(7).

- 12 U.S.C. § 1452(f)(2), which provides that "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions;" and

- 28 U.S.C. § 1331, because plaintiff brings claims under the Securities Act of 1933, which "arise under" the laws of the United States.

**PROCEDURAL HISTORY AND BACKGROUND**

3. On or about September 2, 2011, FHFA, as Conservator for Fannie Mae and Freddie Mac, filed a complaint (the "Complaint") in the Supreme Court of the

---

[1] The Removing Defendants do not waive and expressly reserve all rights, claims, and defenses, including without limitation all defenses relating to jurisdiction, venue, and arbitrability. The Removing Defendants do not waive any defenses they may have to personal jurisdiction through the filing of or consent to this Notice of Removal.

State of New York, County of New York captioned <u>Federal Housing Finance Agency, as Conservator for the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation v. Morgan Stanley, et al.</u>, Index No. 652440/2011.

4. In the complaint, plaintiff alleges that Fannie Mae and Freddie Mac purchased residential mortgage-backed securities ("RMBS") that were issued or underwritten in connection with 33 securitizations by ten named defendants. Plaintiff also names seven individual defendants who were signatories to the shelf registration statements pursuant to which the RMBS were offered for sale.

5. Plaintiff alleges that the offering documents relating to the securitizations at issue in this Action contained untrue statements and omissions of material facts concerning the loans underlying each RMBS offering. Plaintiff purports to bring claims against the Removing Defendants under the Securities Act of 1933, the Virginia Securities Act, the District of Columbia Securities Act, and common law.

6. On or about September 2, 2011, the FHFA also filed twelve substantially similar actions in the Southern District of New York. The FHFA had previously filed a similar complaint in the Southern District of New York on or about July 27, 2011 (together with the complaints filed on September 2, 2011, the "Federal Actions"). The Federal Actions also assert claims under the Securities Act of 1933, the Virginia Securities Act, the District of Columbia Securities Act, and common law.

7. On or after September 7, 2011, plaintiff served the Complaint on the Removing Defendants.

8. In accordance with 28 U.S.C. § 1446(a), copies of the process, pleadings, and orders served upon the Removing Defendants are attached hereto as Exhibit A.

9. The Removing Defendants' time to respond to the summons and Complaint by answer, demurrer, or motion has not expired and no defendant has served or filed an answer or motion or otherwise appeared in response to the Complaint.

10. Because the Removing Defendants filed this Notice of Removal within thirty days of service of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

11. The Action may be removed under 28 U.S.C. § 1452(a) because it is a civil proceeding "related to" a case under the federal Bankruptcy Code, and this Court therefore has original jurisdiction over this Action under 28 U.S.C. § 1334(b).

12. The allegations against the Removing Defendants arise in part from the following RMBS, each of which contains mortgages originated, or originally purchased and resold, by entities that are in bankruptcy or that are subsidiaries of bankrupt entities and against which one or more of the Removing Defendants has potential claims for indemnification and/or contribution (the "Bankrupt Originators/Sellers"):

| Offering | Bankrupt Originator(s)/Seller(s) |
|---|---|
| MSM 2006-16AX | American Home Mortgage Corp. |
| MSM 2007-2AX | American Home Mortgage Corp. |

| Offering | Bankrupt Originator(s)/Seller(s) |
|---|---|
| MSM 2007-5AX | American Home Mortgage Corp. NetBank |
| MSM 2007-7AX | American Home Mortgage Corp. NetBank |
| AMIT 2005-4 | Aames Investment Corp. |
| MSAC 2005-HE6 | Accredited Home Lenders, Inc. |
| MSAC 2007-HE7 | Accredited Home Lenders, Inc. |
| MSHEL 2005-4 | Meritage Mortgage Corporation |

13.     American Home Mortgage ("AHM") is currently in bankruptcy. On August 6, 2007, AHM filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, In re American Home Mortgage Holdings, Inc., Case No. 07-11047, *et seq.* (the "AHM Bankruptcy").  The AHM Bankruptcy has not been terminated, and proceedings relating to the AHM Bankruptcy remain pending before United States Bankruptcy Judge Christopher Sontchi.

14.     Accredited Home Lenders Holding Co., the parent holding company of Aames Investment Corporation, and Accredited Home Lenders are currently in bankruptcy.  On May 1, 2009, Accredited Home Lenders Holding Co. and Accredited Home Lenders filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, which are being jointly administered under the caption In re Accredited Home Lenders Holding Co., et al., Case No. 09-11516, *et seq.* (the "Accredited Bankruptcy"). The Accredited Bankruptcy has not been terminated, and proceedings relating to the

Accredited Bankruptcy remain pending before United States Bankruptcy Judge Mary F. Walrath.

15. NetBank, Inc. ("NetBank") is currently in bankruptcy. On September 28, 2007, NetBank filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, In re NetBank, Inc., Case No. 07-04295, *et seq.* (the "NetBank Bankruptcy"). The NetBank Bankruptcy has not been terminated, and proceedings relating to the NetBank Bankruptcy remain pending before United States Bankruptcy Judge Jerry A. Funk.

16. Meritage Mortgage Corporation ("Meritage") is currently in bankruptcy. On February 17, 2009, Meritage filed a voluntary petition for liquidation under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, In re Meritage Mortgage Corporation, Case No. 09-30971, *et seq.* (the "Meritage Bankruptcy"). The Meritage Bankruptcy has not been terminated, and proceedings relating to the Meritage Bankruptcy remain pending before United States Bankruptcy Judge Stacey G. Jernigan.

17. The Bankrupt Originators/Sellers made representations to one or more of the Removing Defendants regarding their loan-underwriting standards and the characteristics of the mortgage-loan collateral for the RMBS – the very subjects of plaintiff's allegations. (Complaint ¶¶ 69-88.) Pursuant to agreements containing indemnification provisions for one or more of the Removing Defendants, the Bankrupt Originators/Sellers owe these Removing Defendants indemnification and/or contribution for any claims arising out of actual or alleged material misstatements or omissions by the

Bankrupt Originators/Sellers regarding their underwriting practices and the mortgage loans at issue.  These agreements further require the Bankrupt Originators/Sellers to indemnify one or more of the Removing Defendants for the costs (including legal fees) of defending such claims, regardless of their outcome.

    18. A civil proceeding is "related to" a bankruptcy if "its outcome might have any conceivable effect on the bankrupt estate." Publicker Indus., Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 114 (2d Cir. 1992).  A proceeding between non-debtors may have a "conceivable effect" on the bankruptcy estate where "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Back v. LTV Corp. (In re Chateaugay Corp.), 214 B.R. 633, 638 (S.D.N.Y. 1997).  This Action is related to the AHM, Accredited, NetBank, and Meritage Bankruptcies because the Bankrupt Originators/Sellers owe one or more of the Removing Defendants an indemnity obligation, which, as a result of any costs or expenses incurred by the Removing Defendants to defend this Action and any judgment against the Removing Defendants, could affect the property of the Bankrupt Originators/Sellers.[2]  See IIG Capital LLC v. Wollmuth Maher & Deutsch, LLP (In re Amanat), 338 B.R. 574, 579-81 (Bankr. S.D.N.Y. 2005).

---

[2] Indeed, even if this case were required to have a "close nexus" to a federal bankruptcy proceeding, this case would still be related to those bankruptcies within the meaning of 28 U.S.C. § 1334(b).  See Allstate Ins. Co. v. Ace Secs. Corp., No. 11-CV-1914 (LBS), 2011 U.S. Dist. LEXIS 91989, at *13-15 (S.D.N.Y. Aug. 16, 2011).

19. An indemnity obligation that affects the property of debtors gives rise to "related to" jurisdiction under 28 U.S.C. § 1334(b). The Removing Defendants may therefore remove this Action to this Court pursuant to 28 U.S.C. § 1452(a). See AllState, 2011 U.S. Dist. LEXIS 91989, at *14-15 (claims for indemnification and contribution against AHM and other bankrupt mortgage originators created "related to" bankruptcy jurisdiction).[3]

20. Furthermore, removal is proper under 28 U.S.C. § 1452(a) despite the non-removal provisions of Section 22(a) of the Securities Act of 1933. See Cal. Pub. Employees. Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 108 (2d Cir. 2004).

21. Equitable considerations and efficiencies further support the exercise of bankruptcy jurisdiction over this Action under 28 U.S.C. § 1452(b). Plaintiff has filed thirteen other actions in the Southern District of New York,[4] each of which assert federal claims on behalf of a federal agency that are substantially identical to the

---

[3] Numerous other courts that have recently addressed this issue in mortgage-backed securities litigation – including litigation involving AHM mortgage loans – have held that materially indistinguishable indemnity provisions confer "related to" bankruptcy jurisdiction. See Lone Star Fund V, 594 F.3d 383, 387 (5th Cir. 2010); Massachusetts Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec, Inc., 399 B.R. 119, 123 (E.D.N.Y. 2009); City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc., 572 F. Supp. 2d 314, 317-319 (E.D.N.Y. 2008); Fed. Home Loan Bank of Chicago v. Banc of Am. Sec. LLC, 448 B.R. 517, 524-25 (C.D. Cal. 2011) ("FHLB of Chicago"); Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 309-11 (C.D. Cal. 2010); Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc., 736 F. Supp. 2d 1283, 1289-90 (W.D. Wash. 2010); FHLB of Seattle v. Barclays Capital, Inc., No. C10-0139, 2010 U.S. Dist. LEXIS 102391, at *15-17 (W.D. Wash. Sept. 1, 2010).

[4] Plaintiff also filed one action in the United States District Court, District of Connecticut. See FHFA v. RBS Group PLC, et. al., No. 11 Civ. 0133 (AWT) (D. Conn. Sept. 2, 2011).

claims asserted in this Action.  Indeed, Judge Kaplan issued an order on behalf of all the judges in the twelve federal actions filed on September 2, 2011 recognizing that these actions "preliminarily appear to bear substantial similarities and to raise similar issues" and directing the parties to submit a joint report (or separate reports if agreement cannot be reached) on or before October 19, 2011 describing the similarities and differences among the actions and proposing the most efficient and convenient means of handling the actions.  FHFA v. HSBC N. Am. Holdings, Inc., et. al., No. 11 Civ. 6189 (LAK) (S.D.N.Y. Sept. 16, 2011) (Docket No. 4).

## OTHER BASES OF FEDERAL JURISDICTION

### A.   Original Jurisdiction Under 28 U.S.C. § 1345

22.   This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1345 because plaintiff Federal Housing Finance Agency (the "FHFA") is an agency of the United States under 12 U.S.C. § 4511(a) and is expressly authorized to sue on behalf of Fannie Mae and Freddie Mac under 12 U.S.C. § 4617(b)(2)(A), 12 U.S.C. § 1723a(a), and 12 U.S.C. § 1452(c)(7).  Moreover, this Court also has jurisdiction pursuant to 28 U.S.C. § 1345 because Freddie Mac's authorizing statute provides that Freddie Mac "shall be deemed to be an agency included in sections 1345 and 1442 of such title 28." 12 U.S.C. § 1452(f)(1).  Indeed, the FHFA has itself specifically relied on this basis of jurisdiction in the twelve Federal Actions.  See, e.g., FHFA v. HSBC N. Am. Holdings, Inc., et. al., No. 11 Civ. 6189 (LAK) (S.D.N.Y. Sept. 2, 2011).

23.   Fannie Mae's authorizing statute provides that Fannie Mae shall have the power to "sue and be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1723a(a).  Freddie Mac's

authorizing statute provides that Freddie Mac shall have the power "to sue and be sued, complain and defend, in any State, Federal, or other court." 12 U.S.C. § 1451(c).

24. Under the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654 (codified at 12 U.S.C. § 4501 *et seq.*), upon becoming conservator for Fannie Mae and Freddie Mac, the FHFA succeeded to all "rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac and is entitled to "perform all functions of" Fannie Mae and Freddie Mac "in the name of" Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A). Accordingly, this Court has original jurisdiction over this Action under 28 U.S.C. § 1345.

    **B.**    **Original Jurisdiction Under 12 U.S.C. § 1452(f)(2)**

25. This Court has original jurisdiction over this Action under Section f(2) of Freddie Mac's authorizing charter, which provides that "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions." Pursuant to HERA, the FHFA immediately succeeded to all of Freddie Mac's "rights, titles, powers, and privileges," including the authority to bring this Action "in the name of" Freddie Mac. 12 U.S.C. § 4617(b)(2)(A); Complaint ¶ 11. This Court therefore has original jurisdiction over this Action under 12 U.S.C. § 1452(f)(2).

    **C.**    **Original Jurisdiction Under 28 U.S.C. § 1331**

26. This Court has original jurisdiction over this Action under 28 U.S.C. § 1331 because plaintiff brings claims under Sections 11 and 12(a) of the Securities Act of 1933, and these claims "arise under" the laws of the United States. 28 U.S.C. § 1331.

## OTHER PROCEDURAL REQUIREMENTS

27. Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the Removing Defendants will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

28. Concurrently with the filing of this Notice of Removal, the Removing Defendants are filing a Notification of Filing of Notice of Removal with the clerk of the Supreme Court for the State of New York, County of New York in accordance with 28 U.S.C. § 1446(d) and Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.

29. As required under Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, the Removing Defendants state that the claims asserted against them are non-core, within the meaning of 28 U.S.C. § 157(b), and that they do not consent to entry of final orders or judgment by the bankruptcy judge.

WHEREFORE, the Removing Defendants remove this Action from the Supreme Court State of New York, County of New York.

Dated: September 26, 2011

Respectfully submitted,

James P. Rouhandeh
Brian S. Weinstein
Daniel J. Schwartz
Nicholas N. George
Jane M. Morril
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5581
rouhandeh@davispolk.com
brian.weinstein@davispolk.com
daniel.schwartz@davispolk.com
nicholas.george@davispolk.com
jane.morril@davispolk.com

450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated, (n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage Capital, Inc., Morgan Stanley ABS Capital I., Inc., Morgan Stanley Capital I., Inc., Saxon Capital, Inc., Saxon Funding Management LLC, and Saxon Asset Securities Company*