UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL HOUSING FINANCE AGENCY,
AS CONSERVATOR FOR THE FEDERAL
NATIONAL MORTGAGE ASSOCIATION
AND THE FEDERAL HOME LOAN
MORTGAGE CORPORATION,

              Plaintiff,

        -against-

MORGAN STANLEY, MORGAN STANLEY
& CO., INC., MORGAN STANLEY
MORTGAGE CAPITAL HOLDINGS LLC
d/b/a MORGAN STANLEY MORTGAGE
CAPITAL, INC., MORGAN STANLEY ABS
CAPITAL I, INC., MORGAN STANLEY
CAPITAL I, INC., SAXON CAPITAL, INC.,
SAXON FUNDING MANAGEMENT LLC
f/k/a SAXON FUNDING MANAGEMENT,
INC., SAXON ASSET SECURITIES
COMPANY, CREDIT SUISSE SECURITIES
(USA) LLC f/k/a CREDIT SUISSE FIRST
BOSTON LLC, RBS SECURITIES, INC. d/b/a
RBS GREENWICH CAPITAL and f/k/a,
GREENWICH CAPITAL MARKETS, INC.,
GAIL P. MCDONNELL, HOWARD HUBLER,
CRAIG S. PHILLIPS, ALEXANDER C.
FRANK, DAVID R. WARREN, JOHN E.
WESTERFIELD, STEVEN S. STERN,

              Defendants.

11 Civ. 6739 (DLC)

---

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF
<u>PLAINTIFF'S MOTION FOR REMAND</u>**

 

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

I.  DEFENDANTS' PURPORTED CONTRACTUAL INDEMNIFICATION CLAIMS DO NOT PROVIDE "RELATED TO" JURISDICTION ................................................... 1

   A.  "Related To" Jurisdiction Does Not Exist Because the Bankruptcy Proceedings Identified in Defendants' Notice of Removal Are Far Advanced .......................... 1

   B.  This Action Exceeds the Limits of Federal "Related To" Bankruptcy Jurisdiction Because Defendants' Potential Indemnification Claims Have Been Barred by the Bankruptcy Courts .................. 3

II. IN ANY EVENT, THE COURT SHOULD REMAND THIS ACTION ON EQUITABLE AND PERMISSIVE GROUNDS ................................................................ 8

CONCLUSION .............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. ACE Sec. Corp.*,
   No. 11 Civ. 1914, 2011 WL 3628852 (S.D.N.Y. Aug. 17, 2011) .............................................. 6

*Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*,
   No. 11 Civ. 2232, 2011 WL 4965150 (S.D.N.Y. Oct. 19, 2011) ................................... 4-5, 7, 8

*Allstate Ins. Co. v. Merrill Lynch & Co.*,
   No. 11 Civ. 2280, 2011 U.S. Dist. LEXIS 124333 (S.D.N.Y. Aug. 15, 2011) ................... 2, 4, 7

*Buechner v. Avery*,
   No. 05 Civ. 2074, 2005 WL 3789110 (S.D.N.Y. July 8, 2005) .................................................. 9

*Celotex Corp. v. Edwards*,
   514 U.S. 300 (1995)............................................................................................................ *passim*

*City of Ann Arbor Emps' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*,
   572 F. Supp. 2d 314 (E.D.N.Y. 2008) ....................................................................................... 6

*Colo. River Water Conservation Dist. v. U.S.*,
   424 U.S. 800 (1976).................................................................................................................... 9

*Fed. Home Loan Bank of Chi. v. Banc of Am. Sec. LLC*,
   448 B.R. 517 (C.D. Cal. 2011) ................................................................................................... 6

*In re Boston Reg'l Med. Ctr., Inc.*,
   410 F.3d 100 (1st Cir. 2005)....................................................................................................... 3

*In re Cross Media Mktg. Corp.*,
   367 B.R. 435 (S.D.N.Y. 2007).................................................................................................... 3

*In re Gen. Media*, *Inc.*,
   335 B.R. 66 (Bankr. S.D.N.Y. 2005)................................................................................... 1-2, 8

*In re Pan Am. Corp.*,
   950 F.2d 839 (2d Cir. 1991) ....................................................................................................... 9

*In re Refco, Inc. Sec. Litig.*,
   628 F. Supp. 2d 432 (S.D.N.Y. 2008) .................................................................................... 2-3

*In re Worldcom, Inc. Sec. Litig.*,
   293 B.R. 308 (S.D.N.Y. 2003).................................................................................................... 3

*Krys v. Sugrue*,
   No. 08 Civ. 3065, 2008 WL 4700920 (S.D.N.Y. Oct. 23, 2008) ............................................... 2

*Lone Star Fund V (US) LP v. Barclays Bank PLC*,
   No. 08 Civ. 261, 2008 WL 4449508 (N.D. Tex. Sept. 30, 2008) ................................................. 6

*Lone Star Fund V (US), LP v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ........................................................................................................ 6

*Mass. Bricklayers and Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*,
   399 B.R. 119 (E.D.N.Y. 2009) ..................................................................................................... 6

*Nemsa Establishment, S.A. v. Viral Testing Sys. Corp.*,
   No. 95 Civ. 277, 1995 WL 489711 (S.D.N.Y. Aug. 15, 1995) .................................................... 9

*Pacor, Inc. v. Higgins*,
   743 F.2d 984 (3d Cir. 1984) ........................................................................................................ 8

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
   447 B.R. 302 (C.D. Cal. 2010) .................................................................................................... 6

*Woodford v. Cmty. Action Agency of Greene County*,
   239 F.3d 517 (2d Cir. 2001) ........................................................................................................ 9

**Statutes**

11 U.S.C. § 502 ................................................................................................................................ 5

12 U.S.C. § 1452 .............................................................................................................................. 8

15 U.S.C. § 77 ................................................................................................................................ 10

28 U.S.C. § 1331 .............................................................................................................................. 8

28 U.S.C. § 1345 .............................................................................................................................. 8

**PRELIMINARY STATEMENT**

Defendants have not demonstrated any reasonable basis for asserting their purported indemnification claims in the bankruptcy proceedings they identify.  In two of those proceedings, Defendants failed to file proofs of claim, and more than two years have elapsed since the bar dates and dates of plan confirmation.  In the other two proceedings, the bankruptcy courts already have issued orders barring or releasing any potential indemnification claims, and in those proceedings, only one removing Defendant even filed proofs of claim.  In view of these indisputable facts, Defendants' contention that this action is related to any bankruptcy proceeding is pure fiction.

Defendants argue that they *could* petition the bankruptcy courts in each of the bankruptcy proceedings for leave to assert time-barred claims *years* after confirmation of the liquidation plans and distribution of assets.  This argument is meritless, has been rejected by other courts, and likewise should be rejected here.  The reach of federal bankruptcy jurisdiction does not extend to actions, like this one, where defendants purport to invoke hypothetical claims that were never filed and now cannot be filed, as a basis to deprive a plaintiff of its choice of forum.  Even were related to jurisdiction found to exist here, it would be so theoretical and tenuous as to warrant equitable remand.

**ARGUMENT**

I. **DEFENDANTS' PURPORTED CONTRACTUAL INDEMNIFICATION CLAIMS DO NOT PROVIDE "RELATED TO" JURISDICTION**

   A. **"Related To" Jurisdiction Does Not Exist Because the Bankruptcy Proceedings Identified in Defendants' Notice of Removal Are Far Advanced**

Although bankruptcy "related to" jurisdiction is broad, it "cannot be limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).  Once a plan is confirmed by the bankruptcy court, "the bankruptcy court's jurisdiction shrinks" and the "close nexus" test applies. *In re Gen.*

*Media, Inc.*, 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005). To warrant a finding of relatedness, the "close nexus" standard requires that a non-bankruptcy matter "affect[] the interpretation, implementation, consummation, execution, or administration of the confirmed plan or incorporated litigation trust agreement." *In re Gen. Media*, 335 B.R. at 73. To establish this "close nexus," a defendant must demonstrate that the adjudication of a post-confirmation dispute will affect the interest of creditors or require interpretation of the reorganization plan. *See Allstate Ins. Co. v. Merrill Lynch & Co.*, No. 11 Civ. 2280, 2011 U.S. Dist. LEXIS 124333, at *10-11 (S.D.N.Y. Aug. 15, 2011). Defendants have not met -- and cannot meet -- this burden of proof.

Because Netbank, AHM and Accredited have confirmed plans of liquidation and Meritage is a Chapter 7 liquidation (Leung Decl. Exs. 48, 53, 57, 59, 60), Defendants bear the burden of showing that this Action has a close nexus to the confirmed plans. *See Celotex*, 514 U.S. at 309-10. In a tacit acknowledgement that they cannot meet that burden, Defendants attempt to argue that the broader "conceivable effects" test should apply because a couple of courts have followed First Circuit precedent holding that related to jurisdiction is not constricted after confirmation of liquidation plans, as opposed to reorganization plans. (Def. Opp. at 9-10). Contrary to Defendants' assertions, however, the "conceivable effects" test does not apply to liquidation plans because the Second Circuit does not distinguish between reorganization and liquidation plans for this jurisdictional inquiry. *See Krys v. Sugrue*, No. 08 Civ. 3065, 2008 WL 4700920, at *5 n.12 (S.D.N.Y. Oct. 23, 2008). Nor do Defendants' authorities support a contrary conclusion because in each of those cases -- unlike here -- *the debtor itself, or a litigation trustee appointed by the bankruptcy court*, was seeking to recover assets *for the debtor's estate*, such that the adversary proceeding indisputably had a sufficiently close connection to the confirmed bankruptcy plans to support bankruptcy jurisdiction. *See In re Refco, Inc. Sec. Litig.*, 628 F.

2

Supp. 2d 432, 443 (S.D.N.Y. 2008) ("close nexus" to lawsuit asserting claims by bankruptcy litigation trustee); *In re Cross Media Mktg. Corp.*, 367 B.R. 435, 444 (S.D.N.Y. 2007) (retaining post-confirmation jurisdiction over claims asserted by debtor); *In re Boston Reg'l Med. Ctr., Inc.*, 410 F.3d 100, 107 (1st Cir. 2005) ("when a debtor (or a trustee acting to the debtor's behoof) commences litigation designed to marshal the debtor's assets for the benefit of its creditors pursuant to a liquidating plan of reorganization, the compass of related to jurisdiction persists undiminished after plan confirmation").

### B. This Action Exceeds the Limits of Federal "Related To" Bankruptcy Jurisdiction Because Defendants' Potential Indemnification Claims Have Been Barred by the Bankruptcy Courts

Regardless of whether the "close nexus" or "conceivable effects" test is applied, the indisputable facts show that this Action is not "related to" any bankruptcy proceeding under either standard because Defendants' purported contractual indemnification claims ***are barred***.[1]

As shown by Plaintiff, Defendants have filed no proofs of claim in either the NetBank or Meritage bankruptcies. (Leung Decl. Exs. 55, 58). The bar dates for filing such claims passed more than two years ago. (*Id*. Exs. 56, 59 - establishing bar dates of February 15, 2008 and June 24, 2009). The NetBank plan of liquidation was confirmed more than three years ago. (*Id*. Ex. 57 – confirmation on September 16, 2008). Meritage is in liquidation, and its remaining assets have literally zero value. (*Id.* Ex. 60 - trustee report reflecting value as $0.00). Under these circumstances, there is no reasonable basis for any contention that this Action is "related to" the Netbank or Meritage bankruptcies.

In the two bankruptcies where one of the removing Defendants, MSMC, filed proofs of claim, all of MSMC's claims have already been fully and finally resolved. In the AHM

---

[1] These facts distinguish this case from *In re Worldcom, Inc. Sec. Litig.*, 293 B.R. 308 (S.D.N.Y. 2003), where this Court determined that defendants' proofs of claim had not been adjudicated by the bankruptcy court. *Worldcom* also involved causes of action *against a debtor*, whereas no party here is a debtor in any bankruptcy proceeding.

3

bankruptcy, a Stipulated Order resolved MSMC's three claims by "disallow[ing] and expung[ing] in their entirety" two claims, fixing the amount of the third claim at $14,454,764, and mutually releasing AHM and MSMC and their affiliates from any claims "presently in existence or which may hereafter accrue, be asserted and/or held by" them.  (Leung Decl. Ex. 49, at 3).  In addition, the AHM bar date for filing proofs of claim passed nearly four years ago, and the liquidation plan was confirmed more than two years ago.  (*Id.* Ex. 47 – bar date of Jan. 11, 2008; Ex. 48 – confirmation on Feb. 23, 2009).

In the Accredited bankruptcy, the court entered an order providing that holders of claims were "hereby barred from asserting Claims against the Debtors or their Estates, and from receiving any distributions under the Plan, other than the Claims in the amount, priority, and nature as listed in the Exhibits to the Motion . . . ."  (*Id.* Ex. 52, ¶ 8).  Exhibit B to that order shows that the maximum amount that could be distributed to MSMC in connection with its proof of claim is $799,883.40, the non-contingent part of the claim.  (*Id.*, Ex. 52 at Exhibit B).  The Accredited bar date for filing proofs of claim passed more than two years ago, and the liquidation plan was confirmed over six months ago.  (*Id.* Ex. 54 – bar date of Oct. 6, 2009; Ex. 53 – confirmation on May 24, 2011).

Because Defendants are prohibited from asserting contractual indemnification claims in either the AHM or Accredited bankruptcies, this Court lacks bankruptcy jurisdiction over this Action.  *See Merrill Lynch*, 2011 U.S. Dist. LEXIS 124333, at *6-11 (no related to jurisdiction premised on defendants' purported indemnification claims against eight originators due to failure to file proofs of claim before bar dates in five bankruptcies and entry of settlement agreements with releases in remaining three); *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 11 Civ. 2232, 2011 WL 4965150 (S.D.N.Y. Oct. 19, 2011) (proofs of claim that neither specified nor

4

quantified indemnification rights pertinent to underlying action did not support bankruptcy jurisdiction).

Defendants' contention that MSMC has a viable claim against Accredited because its filed claim has not yet been fixed in amount or "allowed" (Def. Opp. at 12) reflects a fundamental misconception of bankruptcy law and practice.  Pursuant to Section 502(a) of the Bankruptcy Code, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Therefore, all claims are allowed unless objected to, and there is no requirement that the trustee make a separate filing to state a lack of objection or allowance of the claim.  There is similarly no need or requirement for a separate court order specifically "allowing" a claim.  Here, the bankruptcy court confirmed the liquidation plan and established an upper limit on the amount of claims, the trustee did not object and, according to the claims register, does not intend to do so.  (Leung Decl. Exs. 52, 53; Supp. Leung Decl., Ex. 66, p.10).  Therefore, pursuant to the Bankruptcy Code, the filed claim effectively has been fixed.

Defendants also spend several pages addressing straw men of their own making.  (Def. Opp. at 9-15).  Contrary to Defendants' contention, Plaintiff has never argued that "related to" jurisdiction is precluded solely because of the status of the originators' bankruptcies or that proofs of claim are necessary to establish "related to" bankruptcy jurisdiction.  To the contrary, the confluence of facts here -- including the Defendants' failure to have filed proofs of claim, the passage of bar dates, the confirmation of plans several years ago, the release of or bar against potential indemnification claims, and the lack of excusable neglect -- establish the absence of any *reasonable* legal basis for an indemnity claim against the debtors.

Defendants' authorities do not apply here because, in those cases, the removing parties had filed proofs of claim for indemnification, still had a right to do so, or had not yet had their

5

potential indemnification claims barred. Not one involved a bankruptcy court permitting untimely claims, years after the bar dates. *See Allstate Ins. Co. v. ACE Sec. Corp.*, No. 11 Civ. 1914, 2011 WL 3628852 (S.D.N.Y. Aug. 17, 2011) (proof of claim for legal fees); *Mass. Bricklayers and Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*, 399 B.R. 119 (E.D.N.Y. 2009) (proofs of claim for legal fees and defense costs); *City of Ann Arbor Emps' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*, 572 F. Supp. 2d 314 (E.D.N.Y. 2008) (same); *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010)[2]; *Fed. Home Loan Bank of Chi. v. Banc of Am. Sec. LLC*, 448 B.R. 517 (C.D. Cal. 2011) (proof of claim for future indemnification of legal costs); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302 (C.D. Cal. 2010) (proof of claim; because time for objections had not passed, "indemnification claim can still affect the confirmed Plan even though the effective date has passed"). Indeed, Defendants have not cited a single case in which the connection between the civil action and the bankruptcy proceeding is as attenuated as it is here.

Faced with this factual record, Defendants' only rejoinder is that this Action *could* conceivably affect a bankruptcy because Defendants *could* petition the bankruptcy courts for leave to assert *untimely* claims. Notably, Defendants have neither done so nor represented any intention to do so, even though this Action has been pending for three months. Nor have Defendants explained to the Court any facts and circumstances surrounding their delay. Regardless, the reach of "related to" jurisdiction does not extend, and has never been extended, so far. Allowing Defendants to remove this Action on the remote and speculative possibility that a bankruptcy court might one day disturb the orderly distribution of assets it set in motion years

---

[2] Although the Fifth Circuit's opinion does not state that a proof of claim was filed, the district court opinion makes clear that there was a filed claim. *See Lone Star Fund V (US) LP v. Barclays Bank PLC*, No. 08 Civ. 261, 2008 WL 4449508, at *2 (N.D. Tex. Sept. 30, 2008) (noting defendant's argument that it had filed a claim in the bankruptcy case even before the civil action was commenced).

6

before, would unduly broaden related to bankruptcy jurisdiction and would undermine the "efficient" and "expeditious" administration of bankruptcy estates by calling into question the finality of plan confirmation and distributions from debtors' estates.

The arguments defendants make here were very recently considered and rejected in *Allstate Insurance Co. v. Credit Suisse Sec. (USA) LLC*, No. 11 Civ. 2232, 2011 WL 4965150, at *5 (S.D.N.Y. Oct. 19, 2011), and *Allstate Insurance Co. v. Merrill Lynch & Co.*, No. 11 Civ. 2280, 2011 U.S. Dist. LEXIS 124333, at *9-10 (S.D.N.Y. Aug. 15, 2011). In *Credit Suisse,* the court found related to jurisdiction absent because defendants had not timely filed proofs of claim and had not demonstrated any basis for their assertion that their failure to do so might be excused by the bankruptcy court. Likewise, in *Merrill Lynch*, the court rejected the speculative possibility that the defendants could petition the bankruptcy court for permission to assert late claims.

Defendants' half-hearted attempts to distinguish *Credit Suisse* and *Merrill Lynch* are belied by the evidence. As shown above, their proofs of claim in the AHM bankruptcy have been rejected or fixed, the Accredited claim has been effectively fixed in amount, and a purported reservation of their right to amend their proofs of claim is rendered meaningless by the passage of several years since the bar date. Furthermore, that Defendants themselves disagree with the conclusions of the court certainly does not render those decisions "misapprehensions of the law." (Def. Opp. at 13).

To the contrary, it is Defendants who misapprehend the law in arguing that the Supreme Court endorsed a standard of "related to" jurisdiction premised on a "long chain of speculative events." (Def. Opp. at 15) (citing to *Celotex*, 514 U.S. at 309-10). The issue before the Court in *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995), was whether the bankruptcy court's determination that it had jurisdiction to issue an injunction prohibiting respondents from

7

executing a *supersedeas* bond was subject to collateral attack. The Court held that respondents' action to enforce the bond was an improper collateral attack on the bankruptcy court's order, because the bankruptcy court was in the process of adjudicating insurance coverage disputes involving the collateral for the bond, and it was within its jurisdiction to find that allowing execution of the bond "would have a direct and substantial adverse effect on [the debtor's] ability to undergo a successful reorganization." *Id.* at 310. The decision makes clear that federal bankruptcy jurisdiction is "limited by" statute, and that "a bankruptcy court's 'related to' jurisdiction *cannot be limitless*." *Id*. at 307-08 (1995) (emphasis added).

In sum, because any potential indemnification claims were barred years ago and they cannot be asserted now as of right, this Action does not "affect[] the interpretation, implementation, consummation, execution, or administration of the confirmed plan" under the "close nexus" standard. *In re Gen. Media*, 335 B.R. at 73-74. Likewise, under the facts presented here, the outcome of the Action could not "alter the debtor's rights, liabilities, options, or freedom of action … or … in any way impact[] upon the handling and administration of the bankrupt estate" under the "conceivable effects" test. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); *see Credit Suisse*, 2011 WL 4965150, at *3 ("'Conceivable effects' typically manifest themselves by altering '[t]he amount of property available for distribution to the creditors of a bankruptcy estate or the allocation of property among such creditors.'").

## II. IN ANY EVENT, THE COURT SHOULD REMAND THIS ACTION ON EQUITABLE AND PERMISSIVE GROUNDS

In any event, this Court should remand this Action based on equitable considerations. Defendants do not contest, and therefore effectively concede, that the other statutes identified in their Notice of Removal -- 28 U.S.C. § 1345 (United States as plaintiff), 12 U.S.C. § 1452(f)(2) (Freddie Mac's charter), and 28 U.S.C. § 1331 (federal question jurisdiction) -- do not provide a

8

basis for removing this Action. (Def. Opp. at 18). Instead, they argue that those jurisdictional statutes "prohibit mandatory abstention . . . and make permissive abstention and equitable remand inappropriate." (*Id.*).

Defendants' arguments are meritless. First, Plaintiff has not argued that mandatory abstention is applicable. Second, the existence of federal jurisdiction is a prerequisite for removal, not a factor to be considered for equitable remand or permissive abstention. *See Buechner v. Avery*, No. 05 Civ. 2074, 2005 WL 3789110, at *5 (S.D.N.Y. July 8, 2005) (factors for permissive abstention); *Nemsa Establishment, S.A. v. Viral Testing Sys. Corp.*, No. 95 Civ. 277, 1995 WL 489711, at *7 (S.D.N.Y. Aug. 15, 1995) (factors for equitable remand).[3] If original jurisdiction by itself made abstention "inappropriate," there would have been no need for courts to articulate the relevant prudential considerations.

Defendants cannot seriously contend that federal bankruptcy issues predominate over state law issues. Where, as here, Defendants purport to remove an action pursuant to the bankruptcy removal statute based on bankruptcy "related to" jurisdiction, the relevant federal interest is in furthering Congress' intention "to grant comprehensive jurisdiction to the *bankruptcy courts* so that they might deal efficiently and expeditiously with all matters connected with the *bankruptcy estate*." *Celotex*, 514 U.S. at 308 (emphasis added). In this case, Defendants are not seeking to transfer this Action to the respective bankruptcy courts to adjudicate supposedly existing claims for legal fees, they concede that the case does not present

---

[3] Defendants' authorities do not compel retention of jurisdiction because they stand for the unremarkable proposition that federal courts should ordinarily exercise jurisdiction even if there is a pending parallel state action. They do not address the intersection of removal jurisdiction and original jurisdiction. *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976) (district court should exercise jurisdiction over water rights dispute involving Indian nation despite availability of state water-rights dispute system); *Woodford v. Cmty. Action Agency of Greene County*, 239 F.3d 517 (2d Cir. 2001) (district court should adjudicate discrimination suits despite existence of similar state actions); *In re Pan Am. Corp.*, 950 F.2d 839 (2d Cir. 1991) (involving transfer of state actions to federal court after defendants filed for bankruptcy).

"core" bankruptcy issues, and they do not consent to the entry of final orders or judgment by the bankruptcy judge.  (Notice of Removal ¶ 29).

Plaintiff has set forth numerous grounds for the Court to equitably remand the case, any one of which is sufficient to grant Plaintiff's motion for remand.  In addition to the lack of issues to be decided by the bankruptcy courts, these grounds include that the degree of relatedness to any bankruptcy is remote based on the tiny fraction of loans originated by the four bankrupt originators, that Defendants likely are forum shopping, and the interests of comity because Plaintiff's claims are otherwise non-removable under Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77(v).  (Pl. Br. at 19-22).  Finally, Defendants' contention that New York law is inapplicable to any claims is pure conjecture.  Regardless of whether the action is in federal or state court, choice of law issues may arise, requiring a detailed analysis of the kind that Defendants (who are citizens of New York) do not even attempt to undertake.

## **CONCLUSION**

Based on the foregoing, this Court should remand this Action and grant Plaintiff its attorneys' fees and costs associated with this motion.

DATED:    New York, New York
          December 2, 2011

                          KASOWITZ, BENSON, TORRES
                           & FRIEDMAN LLP

                          By:  /s/ Marc E. Kasowitz
                              Marc E. Kasowitz (mkasowitz@kasowitz.com)
                              Hector Torres (htorres@kasowitz.com)
                              Michael S. Shuster (mshuster@kasowitz.com)
                              Christopher P. Johnson (cjohnson@kasowitz.com)
                              Kanchana Wangkeo Leung (kleung@kasowitz.com)

                          1633 Broadway
                          New York, New York 10019
                          (212) 506-1700

                          *Attorneys for Plaintiff*