# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

MARC E. KASOWITZ
DIRECT DIAL: 212-506-1710
MKASOWITZ@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

December 12, 2011



**By Hand Delivery**

Hon. Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

12/12/2011

Re:   *Federal Housing Finance Agency v. JPMorgan Chase & Co., et al.*, 11 Civ. 6188
      *Federal Housing Finance Agency v. Deutsche Bank AG, et al.*, 11 Civ. 6192
      *Federal Housing Finance Agency v. Goldman, Sachs & Co., et al.*, 11 Civ. 6198
      *Federal Housing Finance Agency v. Merrill Lynch & Co., Inc., et al.*, 11 Civ. 6202
      *Federal Housing Finance Agency v. Morgan Stanley, et al.*, 11 Civ. 6739
      *Federal Housing Finance Agency v. Countrywide Financial Corp., et al.*, 11 Civ. 6916
      *Federal Housing Finance Agency v. Ally Financial Inc., et al.*, 11 Civ. 7010

Dear Judge Cote:

      We represent the Federal Housing Finance Agency (the "FHFA"), as Conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac"), in the above-referenced actions. We write in response to the December 9, 2011 letter from Defendants, in which they select the *Ally Financial Inc.* ("*Ally*") complaint (11 Civ. 7010) as the purportedly representative complaint for a motion to dismiss the fraud claims.

      The FHFA opposes placing the *Ally* complaint ahead of complaints with lower docket numbers for purposes of a motion to dismiss by defendants. First, the *Ally* action was filed in state court, was improperly removed to this Court, and is now the subject of a remand motion. The FHFA respectfully submits that, in light of the pending threshold jurisdictional issue and the possibility that the *Ally* complaint may be adjudicated in state court, the selection of the *Ally* complaint is inappropriate.

      Second, contrary to Defendants' claim, the *Ally* complaint is not as typical as other complaints because, unlike most of the other complaints filed by the FHFA, it involves securitizations purchased only by Freddie Mac and none by Fannie Mae. An adjudication by this Court of common law fraud claims arising from Freddie Mac's purchases alone will not provide the parties with full guidance with respect to a host of factual and legal issues applicable to

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Denise L. Cote
December 12, 2011
Page 2 of 3

purchases by Fannie Mae, including the timeliness of Fannie Mae's fraud claim, the actionability of the specific misrepresentations made to Fannie Mae, and the reasonableness of Fannie Mae's reliance on such misrepresentations. Indeed, because Defendants have already made arguments that distinguish between Fannie Mae and Freddie Mac, the first motion to dismiss a fraud claim should be made on a complaint, such as the *JP Morgan* complaint, that involves securitizations in which both government-sponsored entities purchased securities.

Further, the District Court's rules militate in favor of using the *JP Morgan* complaint as the focus case upon which Defendants should move to dismiss fraud claims. Selecting a complaint on a neutral basis, such as the lowest docket number, avoids cherry-picking by either party, and is consistent with this District's Rules in selecting the lowest docketed case as the lead case when coordinating separate actions. *See, e.g.*, Rule 13(d) for the Division of Business Among District Judges for the Southern District.

Accordingly, the FHFA respectfully requests that the Court reject Defendants' selection of the *Ally* complaint as the test complaint for the fraud claims and instead reaffirm the designation of the *JP Morgan* complaint for that purpose, as set forth in the Court's December 5, 2011 Order.

Respectfully,

| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By: *Marc E. Kasowitz* /kw<br>Marc E. Kasowitz | By: _____<br>Philippe Z. Selendy |
| 1633 Broadway<br>New York, New York 10019<br>(212) 506-1700 | 51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000 |
| *Attorneys for Plaintiff in 11 Civ. 6739 and 11 Civ. 7010* | *Attorneys for Plaintiff in 11 Civ. 6188, 11 Civ. 6192 and 11 Civ. 6198* |

*[Handwritten note:]* Counsel for FHFA and the defendants shall promptly confer regarding the second test case, i.e., a case that includes a common law fraud claim. Their nominations for that test case are due December 15.

*Denise Cote*
December 12, 2011

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| By: _____<br>Manisha M. Sheth | By: _____<br>Christine H. Chung |
| 51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000 | 51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000 |
| *Attorneys for Plaintiff in 11 Civ. 6202* | *Attorneys for Plaintiff in 11 Civ. 6916* |

cc:  Counsel of Record (via email)

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Hon. Denise L. Cote
December 12, 2011
Page 2 of 3

purchases by Fannie Mae, including the timeliness of Fannie Mae's fraud claim, the actionability of the specific misrepresentations made to Fannie Mae, and the reasonableness of Fannie Mae's reliance on such misrepresentations. Indeed, because Defendants have already made arguments that distinguish between Fannie Mae and Freddie Mac, the first motion to dismiss a fraud claim should be made on a complaint, such as the *JP Morgan* complaint, that involves securitizations in which both government-sponsored entities purchased securities.

Further, the District Court's rules militate in favor of using the *JP Morgan* complaint as the focus case upon which Defendants should move to dismiss fraud claims. Selecting a complaint on a neutral basis, such as the lowest docket number, avoids cherry-picking by either party, and is consistent with this District's Rules in selecting the lowest docketed case as the lead case when coordinating separate actions. *See, e.g.*, Rule 13(d) for the Division of Business Among District Judges for the Southern District.

Accordingly, the FHFA respectfully requests that the Court reject Defendants' selection of the *Ally* complaint as the test complaint for the fraud claims and instead reaffirm the designation of the *JP Morgan* complaint for that purpose, as set forth in the Court's December 5, 2011 Order.

Respectfully,

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP

By: *Marc E. Kasowitz /kwr*
Marc E. Kasowitz

1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Plaintiff in 11 Civ. 6739 and 11 Civ. 7010*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: *Philippe Selendy /sbc*
Philippe Z. Selendy

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff in 11 Civ. 6188, 11 Civ. 6192 and 11 Civ. 6198*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Hon. Denise L. Cote
December 12, 2011
Page 3 of 3

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| By: /s/ Manisha M. Sheth /JAC | By: /s/ Christine H. Chung /JAC |
| 51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000 | 51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000 |
| *Attorneys for Plaintiff in 11 Civ. 6202* | *Attorneys for Plaintiff in 11 Civ. 6916* |

cc:   Counsel of Record (via email)