**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7441**

WRITER'S INTERNET ADDRESS
**manishasheth@quinnemanuel.com**

March 25, 2013

**VIA ELECTRONIC MAIL**
The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:     *FHFA v. UBS Americas Inc., et al.*, No. 11-cv-5201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

We write on behalf of the Federal Housing Finance Agency ("FHFA") to request that UBS be compelled to produce documents concerning its on-site reviews of originators that UBS is improperly withholding as privileged. UBS told FHFA for the first time today that it is withholding the documents, which are highly relevant to a deposition scheduled to commence this Thursday.

On March 15 and 16, 2013, FHFA deposed Glenn McIntyre, a former Executive Director of the UBS Investment Bank, who was co-head of the Transaction Management Group focusing on subprime collateral. Ex. 1 (Dep. Tr. of G. McIntryre (Mar. 15, 2013)) at 23:4-22. Mr. McIntyre testified that his group, along with UBS's Credit Risk Control department, held in-person meetings with mortgage originators during which UBS asked the originators about their compliance practices, quality control procedures, litigation, and customer complaints—including complaints "about the originator's practices of originating loans, including … the approval process." Ex. 1 at 106:6-16; 107:7-15; 109:14-20. Following each review session, UBS would write up a "a summary of what was discussed with the representatives from the originator," the purpose of which was "to summarize the topics discussed and the response from the originators." Ex. 1 at 113:14-114:4.

The following Tuesday, on March 19, 2013, FHFA requested that UBS produce such originator reviews, as they did not appear in UBS's production to date. Ex. 2. When UBS failed to respond, FHFA again asked on March 24, 2013 that UBS produce the requested documents. Ex. 3. UBS finally responded today, stating that the documents "have been withheld as privileged," but without explaining the basis of its privilege claim. Ex. 4. UBS has not included any of these originator reviews among the approximately 1,300 privilege log entries that it has produced to date. UBS's apparent basis for its privilege claim is that its legal counsel attended the review sessions and drafted the summaries, despite the fact that (i) members of the originators' staff were present during these meetings, Ex. 1 at 112:4-10; (ii) these summaries simply memorialize the topics discussed during the meetings, *id.* at 113:14-114:4; and (iii) Mr. McIntyre had no recollection of the summaries containing legal advice. *Id.* at 113:19-22.

      UBS has no basis for withholding its summaries of these originator reviews. The meetings discussed in these summaries are not privileged, as they were conducted for the business purpose of assessing the origination and underwriting practices of mortgage originators. *TVT Records v. Island Def Jam Music Group*, 214 F.R.D. 143, 144 (S.D.N.Y. 2003) (discussions regarding business strategy and business negotiations by in-house counsel are not protected by the attorney-client relationship and must be produced). Further, even if the UBS representatives and attorneys who attended those meetings did discuss legal advice, any privilege in those discussions was waived because the discussions were held in the presence of third-parties, including representatives from the originators and diligence firms. *See SEC v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 146 (S.D.N.Y. 2004). Finally, the fact that the meetings were summarized by UBS's legal counsel does not make the meeting summaries privileged, as the documents were created "really just to summarize the topics discussed and the response from the originators" for business purposes and not for the giving or receiving of legal advice. *AIU Ins. Co. v. TIG Ins. Co.*, No. 07 Civ. 7052, 2008 WL 4067437 at *11 (S.D.N.Y. Aug. 28, 2008) (emails in which attorney acted in business capacity by giving business advice and did not provide legal advice were not privileged).

      These documents are highly relevant to the deposition of Peter Heintz, a Director & Risk Manager at UBS Securities LLC, which is scheduled for Thursday and Friday of this week. Mr. Heintz shared responsibility with Mr. McIntyre for performing UBS's diligence reviews of originators and he participated in the UBS originator reviews described by Mr. McIntyre. Ex. 1 at 106:23-107: 3; 111:15-20. Consequently, to thoroughly depose Mr. Heintz, FHFA must have access to the summaries of these reviews.

      FHFA respectfully requests that UBS be compelled to produce the originator review summaries described by Mr. McIntyre as promptly as possible so that FHFA has an opportunity to review these documents in advance of the deposition. In the event that UBS fails to do so, FHFA respectfully requests permission to re-open the deposition of Mr. Heintz at a future date once the documents are produced. FHFA is available at the Court's convenience for a telephone conference should the Court desire. Thank you for Your Honor's consideration of this request.

Respectfully submitted,

*Manisha Sheth*

Manisha M. Sheth


cc: Counsel for UBS