December 19, 2013

**VIA ECF**

| The Honorable Alvin W. Thompson | The Honorable Denise L. Cote |
|---|---|
| United States District Court | Southern District of New York |
| District of Connecticut | 500 Pearl Street, Room 1610 |
| 450 Main Street, Suite 240 | New York, NY 10007-1312 |
| Hartford, Connecticut 06103 | |

Re: *FHFA v. The Royal Bank of Scotland Group PLC, et al.*, 3:11-CV-01383-AWT (the "RBS Action"); *FHFA Actions*, No. 11-cv-6188, *et al*. (S.D.N.Y.) (DLC) (the "S.D.N.Y. Actions")

Dear Chief Judge Thompson and Judge Cote:

On behalf of FHFA, we ask Chief Judge Thompson to issue a protective order in the RBS Action, and Judge Cote to issue an identical order in the S.D.N.Y. Actions, precluding Defendants from using documents regarding the Single Family businesses of Fannie Mae and Freddie Mac that have been excluded from discovery in these cases but are being produced in *FHFA v. Countrywide Financial Corp., et al.*, 12-cv-01059-MRP (C.D. Cal.) ("*Countrywide*").[1]

As Judge Cote has observed, "Defendants are already receiving a substantial quantity of documents from the Single Family side" in these actions. *UBS Americas. Inc.*, No. 11 Civ. 5201 (DLC), 2013 WL 3284118 at *19 (S.D.N.Y June 28, 2013). Nevertheless, they have made repeated applications in the S.D.N.Y. Actions seeking Single Family documents beyond those produced ("Expanded Single Family" documents), and Judge Cote has repeatedly rejected those applications, citing the "low marginal value" of such additional material. *E.g.*, *id.* (denying "expanded Single Family discovery"). Defendants have also tried to evade these rulings by seeking Expanded Single Family documents from third-parties, including via subpoenas served on the SEC and Clayton Holdings LLC, both of which Judge Cote quashed, (Ex. 1; Ex. 2), and most recently by seeking Expanded Single Family documents from third-party originators, efforts that Judge Cote yesterday ordered Defendants to cease. Ex. 3.

Despite these rulings, Defendants in the S.D.N.Y. and RBS Actions are attempting to use in these actions Expanded Single Family documents being produced by FHFA in *Countrywide*. For instance, the RBS Defendants have told Chief Judge Thompson, erroneously, that Judge Mariana Pfaelzer "expressly permitted" use in the RBS Action of all materials produced in *Countrywide*, including Expanded Single Family documents, and have stated their intention to seek leave "to take additional depositions based on these documents." Ex. 4 at 1-2.[2] This demand contradicts the joint order of both Courts that "[t]he discovery parameters and limitations applicable to the S.D.N.Y. Actions shall be applicable to the RBS Action." *FHFA v. Royal Bank of Scotland*, No. 11-cv-01383-AWT, Dkt. 91, at 6 (D. Conn. Nov. 1, 2012).

---

[1] FHFA makes its application simultaneously to both Courts. Consistent with the RBS Court's procedures, FHFA makes its formal application to that Court via motion, to which this letter is attached as Exhibit 1. Consistent with the S.D.N.Y. Court's procedures, FHFA makes its application to that Court via this letter, to which a copy of its motion to the RBS Court is attached as Exhibit 5.

[2] Judge Pfaelzer granted a request by the *Countrywide* Defendants not to restrict use of discovery in that action solely to that action, Ex. 6 at 50:23-51:2; 51:24-52:2; 60:2-5; Ex. 7 at ¶ 10, but made clear that the use of such documents in other cases would occur only at the discretion of the presiding judges, Ex. 8 at 22:23-23:5. The RBS Defendants have repeatedly ignored this important qualification, incorrectly suggesting that it is now resolved, and beyond the discretion of the S.D.N.Y. and RBS Courts, to preclude the use of *Countrywide* discovery in these proceedings. *See, e.g.*, Ex. 9 ("Judge Pfaelzer's order is directly applicable in th[e RBS] Action such that FHFA must provide the RBS Defendants with the documents that Judge Pfaelzer ordered produced in *Countrywide* . . .").

Separately, the S.D.N.Y. Defendants tried to partially justify their latest demand for Expanded Single Family documents, which the S.D.N.Y. Court rejected, on the basis that the same materials would be produced separately in *Countrywide*. *See*, *e.g.*, Ex. 10 at 31-32, 35.

The RBS and S.D.N.Y. Courts should not countenance Defendants' attempts to use material produced in *Countrywide* that has been rejected in discovery in these actions (the "*Countrywide* Documents"), or to use such documents to un-do the coordinated discovery ordered in these cases. "Federal civil discovery may not be used merely to subvert limitations on discovery in another proceeding," *Log On Am., Inc. v. Credit Suisse First Boston Corp*, No. 01 CIV 0272 RMB MHD, 2001 WL 1360233 at *3 (S.D.N.Y. Nov. 6, 2001), and the Courts' "inherent power to manage and control pending litigation," *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010), includes authority to block attempted end-runs around prior discovery orders. Such action is especially appropriate here because the *Countrywide* Documents include material that the S.D.N.Y. Court has specifically and repeatedly denied to Defendants. *Compare* Ex. 11 (10/31/2013 *Countrywide* court ordering production of GSEs' productions to SEC) *with* Ex. 1 at 2 (S.D.N.Y. Court quashing subpoenas seeking same material) (citing authority to "discourage activity by counsel that multiplies proceedings in a case unreasonably or vexatiously").

Defendants should also be precluded from relying on the *Countrywide* Documents because, as Judge Cote recognized, the use of such materials, regardless of whether they are produced in California, would impose undue burdens in these proceedings. *See* Ex. 10 at 35. As Judge Cote noted, the ease of production "isn't the beginning and end of a burden analysis;" one must also consider the burden "devoted to the analysis and consideration of the documents," *id.* at 42-3; it would take significant time and effort for the parties to delve into the over four million *Countrywide* Documents produced as of this week, let alone to analyze and contextualize additional *Countrywide* documents produced in the future. Seeking to re-open or expand depositions based on these documents, as the RBS Defendants explicitly intend to do, would create additional burdens, and all of this prolonged discovery could disrupt the summary judgment briefing that is scheduled to begin by March 7, 2014 in the *Merrill Lynch* case in the S.D.N.Y. Court and the trial in that case that is to start on June 2, 2014.

Defendants' purported need for the *Countrywide* Documents in these cases is especially weak. Significant Single Family materials have already produced, (Ex. 10 at 34 (S.D.N.Y. Court has ordered Single Family production in light of "what [the parties] need in order to prepare their claims or defenses for trial")), and this coordinated litigation is, as Judge Pfaelzer recognized, "an entirely different matter" than *Countrywide*. Ex. 6 at 53:7-10; *see also id.* at 59:20-25. Indeed, the *Countrywide* Defendants sought discovery of Expanded Single Family documents based on what they called the "deep and intimate" relationship between the GSEs and Countrywide Financial Corporation ("CFC"), Ex. 12 at 1; *see also id.* at 2, 26 and 48 (discussing unique nature of GSE/CFC relationship); Ex. 13 at 1, 6, 7, 10 (same).[3] But, while nearly all of the loans underlying the securities at issue in *Countrywide* were originated by CFC, only a *de minimis* number of Defendant-originated loans back the Securitizations at issue here.[4] Further, because "we are at the end of a discovery process [Defendants] really have to make a

---

[3] The *Countrywide* Court is also applying a different legal standard in discovery than applies here. While Judge Cote has held that to prevail on the knowledge defense, Defendants must prove specific knowledge of falsity of misrepresentations related to the specific Securitizations at issue, *UBS Ams., Inc.*, 11 Civ. 5201 (DLC), 2013 WL 3284118 at *11, *17, the *Countrywide* Defendants have argued that specific knowledge is not required (Ex. 13 at 36). Judge Pfaelzer has indictated that she will not limit discovery based on the specific knowledge standard. *FHFA v. Countrywide Fin. Corp.*, 900 F. Supp. 2d 1055, 1068 n.11 (C.D. Cal. 2012); *see also* Ex. 14 at 5:20-6:6.

[4] About seventy percent of the loans backing the securities at issue in *Countrywide* were originated by CFC, but such loans account for less than four percent of the loans at issue in the S.D.N.Y. and RBS Actions.

stronger showing" to justify discovery of Expanded Single Family documents in these cases, unlike *Countrywide*, which is at the "beginning of the discovery process [where] you can cast a wider net." Ex. 10 at 96.

For these reasons, FHFA respectfully asks the RBS and S.D.N.Y. Courts to bar use of the *Countrywide* Documents in discovery. FHFA further asks the S.D.N.Y. Court to exclude the *Countrywide* Documents *in limine* from use in summary judgment motions and at trial.

Respectfully submitted,

| | |
|---|---|
| /s/ Philippe Z. Selendy | /s/ Kanchana Wangkeo Leung |
| Philippe Z. Selendy | Kanchana W. Leung |
| (philippeselendy@quinnemanuel.com) | (kleung@kasowitz.com) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| 51 Madison Avenue, 22nd Floor | Christopher P. Johnson |
| New York, New York 10010 | Michael A. Hanin |
| (212) 849-7000 | Kanchana Wangkeo Leung |
| | 1633 Broadway |
| | New York, New York 10019 |
| *Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Deutsche Bank AG, FHFA v. Goldman, Sachs & Co., FHFA v. HSBC North America Holdings, Inc., FHFA v. Nomura Holding America, Inc., FHFA v. First Horizon National Corp., FHFA v Bank of America Corp., FHFA v Credit Suisse Holdings (USA), Inc., FHFA v. Barclays Bank PLC, FHFA v. Merrill Lynch & Co., Inc., and FHFA v. Royal Bank of Scotland PLC, et al.* | (212) 506-1805 |
| | *Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial, Inc., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.* |