UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
FEDERAL HOUSING FINANCE AGENCY,          :    11 Civ. 6189 (DLC)
                                         :    11 Civ. 6190 (DLC)
                    Plaintiff,           :    11 Civ. 6193 (DLC)
                                         :    11 Civ. 6195 (DLC)
          -v-                            :    11 Civ. 6198 (DLC)
                                         :    11 Civ. 6200 (DLC)
                                         :    11 Civ. 6201 (DLC)
HSBC NORTH AMERICA HOLDINGS INC., et     :    11 Civ. 6202 (DLC)
al.,                                     :    11 Civ. 6203 (DLC)
                                         :    11 Civ. 6739 (DLC)
                    Defendants;          :    11 Civ. 7010 (DLC)
                                         :
And other FHFA cases.                    :    MEMORANDUM OPINION
                                         :        & ORDER
-----------------------------------------X

DENISE COTE, District Judge:

     A January 8, 2014 Order addressed the use in these
coordinated New York Actions of documents produced by FHFA in
the Countrywide litigation, which is ongoing in California, to
Bank of America ("BofA") and Royal Bank of Scotland ("RBS")
("January 8 Order").  Through letters of January 14 and 23, and
February 11, defense counsel who jointly represent BofA and
Merrill Lynch request reconsideration of the January 8 Order.
In a letter of February 13, FHFA opposes this request.  For the
following reasons, the request for reconsideration of the
January 8 Order is denied.

     Counsel are well familiar with the history of this dispute,
and that history will not be recited here.  Familiarity with the

1

Opinion of June 28, 2013, <u>FHFA v. UBS Americas Inc.</u>, 11 Civ. 5201 (DLC), 2013 WL 3284118 (S.D.N.Y. June 28, 2013)("June 28 Opinion"), and the many discovery conferences held on the record is assumed.  The January 8 Order stated that "the parties shall not be permitted to use documents produced in the Countrywide action, but not the New York Actions, during discovery, motion practice, or trial in the New York Actions."

Defense counsel for BofA and Merrill Lynch have made four arguments in support of reconsideration of the January 8 Order. First, they argue that the Order is overbroad and should not preclude use of "dozens" of <u>Countrywide</u> documents during motion practice or at trial.  They point out that a document should not shield a forgetful or perjuring witness from being refreshed or impeached at trial.

As previously explained by the Court, including in the June 28 Opinion, defendants have been given extensive discovery of the GSEs and FHFA through these New York Actions.  These cases are of importance to the plaintiff and each of the defendants, and they have been granted substantial discovery to permit them to prosecute and defend against the claims pressed here.  Where there have been limitations imposed on the scope of discovery, those limitations have been imposed after careful consideration of the claims and defenses that the parties are litigating, the

parties' arguments, and the relevant factors which the Federal Rules of Civil Procedure require courts to consider in the management of discovery.  These considerations have been recited in prior conferences with the parties and again in the June 28 Opinion.

In light of the extensive efforts by the parties and the Court to shape the contours of discovery appropriately in the New York Actions, the defendants' first request to reconsider the January 8 Order is denied.  The defendants may not use documents obtained by BofA or RBS in the Countrywide action in the defense of these actions.  Permitting BofA (or the other defendants) to use documents either in motion practice or at trial that were obtained through discovery in other litigation but not produced in the New York Actions would undermine the discovery process in these actions and encourage trial by ambush.

When documents are exchanged in discovery, the parties have an opportunity to examine them and take such additional discovery as is necessary to put them in context.  The production of a category of documents, or even at times a single document, can add significantly to the burden on all parties to evaluate the documents and to undertake additional discovery as is necessary to meet the issues disclosed in the newly produced

3

documents.  Because of the American discovery process, all
parties are assumed to be litigating on a level playing field
and to be aware of each other's evidence.  They can husband and
allocate their resources in light of that understanding.  With
that common understanding, the parties can evaluate the relative
strength and weaknesses of their positions, litigate summary
judgment practice, and prepare for trial.  Thus, it would
subvert the discovery process in these actions to allow a party
to use during summary judgment practice or at trial documents
obtained in other litigation that were not produced in these
actions.

Defense counsel identifies one narrow ground for an
exception.  This exception would apply if either BofA or RBS (or
any other party to the Countrywide action) proceeds to trial in
the New York Actions.  Perjury is a serious matter.  If such
defendant believes that it has received a document in the
Countrywide action which provides a good faith basis to believe
that a trial witness identified in the parties' final pretrial
order has committed perjury in prior testimony, that defendant
shall identify to FHFA prior to trial both the document and the
defendant's desire to use that document at trial to impeach the
witness at trial with the document.  If the parties are unable

4

to resolve the issue, they shall bring it to this Court's
attention prior to the first day of jury selection.

Defense counsel next argue that they should be permitted to
use documents produced to BofA in the Countrywide case to show
that FHFA did not comply with the previously imposed discovery
obligations in the New York Actions.  They point to a document
obtained in the Countrywide case that was not produced in the
New York Actions because the custodian from whose files it was
produced was not designated as a custodian in the New York
Actions.[1]

Parties in litigation are required to be diligent and to
act in good faith in producing documents in discovery.  The
production of documents in litigation such as this is a
herculean undertaking, requiring an army of personnel and the
production of an extraordinary volume of documents.  Clients pay
counsel vast sums of money in the course of this undertaking,
both to produce documents and to review documents received from
others.  Despite the commitment of these resources, no one could
or should expect perfection from this process.  All that can be
legitimately expected is a good faith, diligent commitment to
produce all responsive documents uncovered when following the

_____

[1] FHFA points out that it did produce in the New York Actions
excerpts of the document that were appended to the SEC testimony
of a non-custodian.

protocols to which the parties have agreed, or which a court has
ordered.

Indeed, at the earliest stages of this discovery process,
JPMorgan Chase was permitted, over the objection of FHFA, to
produce its documents through the use of predictive coding.  The
literature that the Court reviewed at that time indicated that
predictive coding had a better track record in the production of
responsive documents than human review, but that both processes
fell well short of identifying for production all of the
documents the parties in litigation might wish to see.  See
Maura R. Grossman & Gordon V. Cormack, Technology-Assisted
Review in E-Discovery Can Be More Effective and More Efficient
Than Exhaustive Manual Review, XVII Rich. J.L. & Tech. 1, 37
(2011), attached as Ex. C to July 20, 2012 Letter of JPMorgan
Chase, 11 Civ. 6188, Dkt. No. 120 at 49 (reporting that manual
reviewers identified between 25% and 80% of relevant documents,
while technology-assisted review returned between 67% and 86%).

Against this background, the request of BofA to use
Countrywide documents to challenge the completeness of the
document production in the New York Actions is denied.  Any
other result would risk reopening the entirety of the document
production in this case.  The parties' document production to
each other ended long ago; the depositions of the parties' own

6

witnesses also essentially concluded long ago.  Summary judgment
practice in the Merrill Lynch action begins March 7, 2014 and
that trial is set to commence on June 2, 2014.  Of course, if
any party had any reason to believe based on the documents
produced in the New York Actions or the testimony taken from
witnesses in the New York Actions that any party had failed to
make a diligent, good faith commitment to document production in
these actions, while abiding by the protocols that have governed
these productions, that issue would have been raised with the
Court long before now.

      Next, defense counsel argue that they should be permitted
to use the documents from the Countrywide case to request
additional discovery from FHFA under the terms permitted by the
June 28 Opinion.  That request must be denied as well.  The
Countrywide documents have not been produced in the New York
Actions and they cannot be used as a springboard to reopen
document discovery in these actions.

      Finally, defense counsel request that the January 8 Order
be construed to apply only to documents that relate to the GSEs'
Single Family businesses.  That request is also denied.  The
Court and parties have made an enormous investment of resources
to define properly for this litigation the scope of document
production.  That production has been vast.  It has demanded the

7

parties to pay dearly for both the production and the review of produced documents.  The Court is satisfied that the parties have received all of the documents necessary, and more, to litigate the merits of their claims and defenses at trial and to ensure that any jury verdict is based on a reliable factual record.


SO ORDERED:

Dated:    New York, New York
          February 14, 2014

                         _____
                              DENISE COTE
                       United States District Judge

8